*********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Rideout with minor modifications.
 *********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act on the date of the alleged work related injury. *Page 2 
2. An employer-employee relationship existed between the plaintiff's husband and defendant.
3. On said date, defendant employed three or more employees.
4. Defendant is insured by Central Mutual Insurance Company.
5. Plaintiff's average weekly wage is $399.88 yielding a compensation rate of $266.59.
 *********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On November 10, 2005, David W. Watkins, was employed by Loye Grading and Tree Service, cutting limbs from a tree at a private residence. Plaintiff used a bucket truck to reach the limbs. The bucket was a device that would mechanically lift plaintiff into the air in order to reach tree limbs. At approximately 11:45 A.M., Mr. Watkins fell to his death from the bucket.
2. After Mr. Watkins death, his body was taken to Morehead Memorial Hospital, where he was examined by the Office of the Chief Medical Examiner. The report of the Medical Examiner documented that plaintiff suffered a blunt force trauma from the fall of 50-60 feet. Mr. Watkins' death certificate documents a "blunt force trauma to the head" from a "fall from a lift."
3. At the time of the examination by the medical examiner, a blood test was performed which detected 0% blood alcohol in Mr. Watkins' blood.
4. Mr. Watkins is survived by his wholly dependant spouse, Georgia H. Watkins, and his two children, who were both over 18 years of age at the time of his death. *Page 3 
5. At the time of her husband's death, plaintiff had been out of work for several months because of severe emotional conditions. Two of plaintiff's physicians, Dr. Collins and Dr. McInnis, had opined that she was incapable of working, because of her emotional conditions, for several months prior to her husband's accident and was disabled.
6. Plaintiff had a pending Social Security Disability and Long Term Disability claim when Mr. Watkins was killed, but these were not paying benefits after her husband's death or any time up to the date of this hearing.
7. Plaintiff was disabled as of the date of her husband's death. Such disability finding was stipulated after the hearing by defendant's counsel at the conclusion of the deposition of Ricky Loye, Mr. Watkins' supervisor.
8. After the accident, plaintiff duly reported her husband's death to the North Carolina Industrial Commission, on a Form 18 dated November 17, 2005, seven days after plaintiff's death.
9. Various events during Mr. Watkins' employment with defendant and circumstances surrounding Mr. Watkins' death gave defendant cause to question whether Mr. Watkins' death was related to his employment with defendant. Immediately following Mr. Watkins death, Mr. Loye contacted the workers' compensation insurance carrier and informed the carrier of his suspicions regarding Mr. Watkins' death. Prior to Mr. Watkins' injury by accident and death, he was sent home from work after getting into an altercation with Mr. Loye. On a previous road trip, Mr. Watkins spoke to Mr. Loye about various problems in his life including his concern that his wife was having an affair. On this same road trip, Mr. Watkins inquired as to who would receive the monetary benefits should he die. Additionally, at the time of the accident, Mr. Watkins had not been wearing the proper safety equipment, including a safety belt or harness. Mr. *Page 4 
Watkins had been employed with defendant for approximately six months before his injury by accident and death, and had worked for several different tree companies over the previous years. Given Mr. Watkins' experience, his failure to wear a safety harness on the date of the accident was unusual. Defendant contacted plaintiff by telephone the night of Mr. Watkins' death. Plaintiff at that time informed defendant of Mr. Watkins' medical conditions including frequent headaches. Plaintiff indicated that she and Mr. Watkins did not inform defendant of Mr. Watkins' health problems because they new defendant would not hire Mr. Watkins if defendant knew. It was not until Mr. Watkins' funeral that defendant learned that Mr. Watkins suffered from seizures due to a brain tumor. These facts raised reasonable suspicions in the minds of defendants regarding the proximate cause of the accident which led defendants to investigate the possibility that Mr. Watkins may have committed suicide.
10. Upon learning that a drug test was not completed by the medical examiner as anticipated during the autopsy of Mr. Watkins' body, defendants requested a sample of Mr. Watkins' blood from plaintiff in order to complete a drug test. Defendants received the results of the drug test from National Medical Services, Inc. on April 12, 2006. The test results showed Phenobarbital within therapeutic range was present in Mr. Watkins' blood at the time of his accident. Phenobarbiutal is a medication commonly used to control seizures. The blood test presented no evidence of illicit drug use by Mr. Watkins.
11. Upon receipt of the drug test results, defendants contacted plaintiff's attorney and advised that defendants were accepting the claim as compensable. Defendants then paid $3,500.00 of Mr. Watkins' funeral expenses as required under N.C. Gen. Stat. § 97-38 and paid plaintiff the accrued temporary total disability benefits. Defendants have been paying benefits to plaintiff biweekly. Defendants did not withdraw their Form 61 or abandon their defenses. *Page 5 
12. In spite of some unusual circumstances surrounding the accident, the greater weight of the evidence supports the conclusion that Mr. Watkins was killed by an injury by accident while in the course and scope of his employment.
13. Defendants' investigation and exploration into the cause and compensability of this claim was reasonable.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On November 10, 2005, David W. Watkins died as a result of a work related injury, when he fell from the bucket truck while cutting branches from a tree. N.C. Gen. Stat. § 97-2.
2. On November 10, 2005, plaintiff was Mr. Watkins' only dependant. Plaintiff was wholly dependant on Mr. Watkins, as she was mentally disabled. Defendants shall have the right, at the expiration of 400 weeks, to file a Form 33 asking the Industrial Commission to determine whether plaintiff remains disabled at that time. N.C. Gen. Stat. §97-38.
3. Plaintiff's pursuit of additional benefits, based on her disability and pursuant to N.C. Gen. Stat. § 97-38, was not frivolous, but was supported by medical evidence and the stipulation of defendants.
5. This matter has been reasonably prosecuted, defended, and argued by both parties and neither is entitled to attorneys' fees under N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD *Page 6 
1. Defendants shall pay benefits to plaintiff, widow of Mr. Watkins, at the weekly rate of $266.59 beginning on November 11, 2005 and continuing for 400 weeks.
2. At the expiration of 400 weeks, defendants shall continue to pay benefits at a rate of $266.59 for the remainder of plaintiff's life, until remarriage, or until this Award is modified by further Order of the Industrial Commission.
3. Defendants shall receive a credit for compensation payments and burial expenses, previously made.
4. An attorney's fee in the amount of 25% is approved for plaintiff's counsel, which will be deducted from the award and paid directly to plaintiff's counsel.
5. Defendants shall pay costs.
This the 14th day of June, 2007.
 S/______________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ DIANNE C. SELLERS COMMISSIONER
 S/______________________ PAMELA T. YOUNG COMMISSIONER